IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ASHLEIGH MACKIN,

      Plaintiff,

vs.                                                                                 No. 21-cv-1052

OM SAI CORPORATION,

      Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING PLAINTIFF'S LAWSUIT FOR LACK OF STANDING

**THIS MATTER** comes before the Court *sua sponte*. On November 2, 2021, Ashleigh Mackin ("Plaintiff"), a North Carolina resident, filed ten nearly identical lawsuits[1] against eleven companies operating places of lodging in New Mexico ("Defendants") for their websites' alleged noncompliance with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq. Two months later, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") published an opinion holding that a Florida resident lacked standing to sue a Colorado hotel for similar ADA noncompliance. *See Laufer v. Looper*, 22 F.4th 871, 883 (10th Cir. 2022). Accordingly, this Court filed an order to show cause why the instant lawsuits should not be dismissed pursuant to this Tenth Circuit opinion. Doc. 64. Having carefully reviewed the pleadings and the applicable law, the Court finds that *Laufer v. Looper* indeed holds that Plaintiff lacks standing to assert her claims. Therefore, Plaintiff's remaining lawsuits are hereby **DISMISSED**.

---

[1] *See Mackin v. OM 2000 Corp.*, 21-cv-1053; *Mackin v. Galisteo Street Inc.*, 21-cv-1054; *Mackin v. Loretto Hotel Investment, LLC & Zia Santa Fe LLC*, 21-cv-1055; *Mackin v. Sage Concept, LLC*, 21-cv-1056; *Mackin v. JP Taos LLC*, 21-cv-1057; *Mackin v. Las Cruces Hotel LP*, 21-cv-1058; *Mackin v. Hotel St. Francis*, 21-cv-1059; *Mackin v. Sangre de Cristo Hotel Investment LLC*, 21-cv-1060; *Mackin v. Second Wind Partners Inc.*, 21-cv-1061. The Court on November 5, 2021, filed an order consolidating these cases under the caption of *Mackin v. OM Sai Corporation*.

**BACKGROUND**

As a North Carolina resident, Plaintiff alleges that she planned—and continues to plan—on traveling throughout New Mexico in September of 2022. In support of this allegation, Plaintiff offers nothing more than a mere statement of her intent to travel—nary a plane ticket nor similar confirmation. Because she has several ailments, Plaintiff searched the Internet for places of lodging specifically capable of accommodating her disability, landing on ten locations operated by Defendants.[2] According to Plaintiff, the information Defendants conveyed through these travel websites did not comply with the ADA. Consequently, Plaintiff alleges that Defendants deprived her of the same goods, services, features, facilities, benefits, advantages, and property accommodations afforded to the public. This allegedly infringed her right to travel free of discrimination and deprived her of the information required to make meaningful travel choices. Furthermore, she alleges to have suffered frustration and humiliation, an increased sense of isolation, and a deprivation of her right to equal opportunity.

Plaintiff on November 2, 2021, filed the instant lawsuits—of which six remain[3]—alleging noncompliance with the ADA and requesting injunctive relief, attorney's fees, litigation expenses, and costs. 42 U.S.C. § 12181 et seq. Plaintiff claims she is an "advocate of the rights of similarly situated disabled persons and is a 'tester' for the purposes of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA." Doc. 1 at 2. For context, Plaintiff's lawsuits join a wave of

---

[2] ADA accommodation requirements attach only when a business qualifies as a "place of public accommodation." 42 U.S.C. § 12182(b)(2)(A)(ii); 28 CFR §§ 36.104, 36.201(a) & 36.302(e)(1). For the purposes of this Order, the Court assumes that Defendants' places of lodging qualify as places of public accommodation as defined by the ADA.

[3] On December 10, 2021, Plaintiff voluntarily dismissed her claims against Defendant Second Wind Partners, Inc. Doc. 31. Additionally, Plaintiff and Defendant Galisteo Street Inc. filed a joint stipulation of dismissal on December 20, 2021. Doc. 37. Moreover, Plaintiff accepted OM Sai Corporation's and OM 2000 Corporation's Offers of Judgment on December 22, 2021. Docs. 38 & 39. The Clerk of Courts has since entered default against Defendants Sage Concept LLC, Las Cruces Hotel LP, Hotel St. Francis, Loretto Hotel Investment LLC, JP Taos LLC, Sangre de Cristo Hotel Investment, LLC, and Zia Santa Fe, LLC. Docs. 51, 60, 61.

about 4,055 ADA cases filed in 2021 in various federal district courts throughout the nation based on allegations of inaccessible websites, mobile content, or video content.[4] In response to this trend, the Tenth Circuit in early January of this year dealt a nearly fatal blow to many of these claims by severely limiting ADA tester standing. *See Laufer*, 22 F.4th at 871. Noting the gravity and striking similarity of that opinion, the Court filed an order to show cause why these consolidated cases should not likewise be dismissed for lack of jurisdiction. Doc. 64.

## LEGAL STANDARD

### I. ADA Title III

Plaintiff brought this suit under Title III of the ADA, which "generally prohibits public accommodations from discriminating against individuals on the basis of disability." *Levorsen v. Octapharma Plasma, Inc.*, 828 F.3d 1227, 1229 (10th Cir. 2016). It further provides: "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Additionally, the United States Department of Justice ("DOJ") promulgated a regulation under Title III stating that a place of public accommodation operating a "place of lodging" shall, "with respect to reservations made by any means," "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii).

### II. *Sua Sponte* Dismissal

---

[4] McAfee & Taft, *Tenth Circuit Kills 'Tester Standing' in Accessibility Lawsuits*, JDSUPRA (Feb. 10, 2022), https://www.jdsupra.com/legalnews/tenth-circuit-kills-tester-standing-in-2925868/.

"[W]henever standing is unclear, [District Courts] must consider it *sua sponte* to ensure there is an Article III case or controversy before us." *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1126 (10th Cir. 2013). District Courts should dismiss lawsuits for lack of standing pursuant to Rule 12(b)(1). *VR Acquisitions, LLC v. Wasatch Cty.*, 853 F.3d 1142, 1146 n.4 (10th Cir. 2017) (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011)). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 494 F.2d 906, 909 (10th Cir. 1974). In making this determination, the Court shall look only to the well-pleaded factual allegations, as opposed to conclusory allegations. *Smith v. Plati*, 258 F.3d 1167, 1176 (10th Cir. 2001).

**III.    Article III Standing**

Article III of the Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies[.]'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). "To establish a case or controversy, a plaintiff must possess standing to sue." *S. Furniture Leasing Inc. v. YRC, Inc.*, 989 F.3d 1141, 1145 (10th Cir. 2021). To establish standing, a plaintiff must have "suffered an injury in fact"—a requirement on which this case turns. *Lujan*, 504 U.S. at 560–61 (quotations and alterations omitted). Injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* (quotations and citations omitted). For an injury to be particularized, it "must affect the plaintiff in a personal and individual way." *Id.* at 560 n.1. To be "concrete," an injury must be "real" rather than "abstract." *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1190 (10th Cir. 2021). However, "'concrete' is not necessarily synonymous with 'tangible.'" *Id.* at 1191 (quotations and alterations omitted). An alleged future injury is sufficiently imminent "if the threatened injury is certainly

4

impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quotations and citation omitted).

## ANALYSIS

*Laufer v. Looper* warrants dismissal of Plaintiffs' lawsuits. 22 F.4th 871 (10th Cir. 2022). As an initial matter, the Plaintiff in the instant case and the plaintiff in *Laufer* are nearly identical for purposes of an Article III Standing analysis. Plaintiff is a disabled North Carolina resident suing places of lodging in New Mexico, while the *Laufer* plaintiff was a disabled Florida resident suing a place of lodging in Colorado. *Id.* at 874. Using the exact language in the instant Complaint, the *Laufer* plaintiff described herself as an "advocate of the rights of similarly situated disabled persons" and a "'tester' for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA." *Id*. Just as the Plaintiff did here, the *Laufer* plaintiff visited various travel websites when "planning" to visit Colorado and ultimately sued the Elk Run Inn for its noncompliance with the ADA, alleging the same harm as Plaintiff here claims. *Id* at 874–75.

Facing the same facts as those at bar, the Tenth Circuit held that the *Laufer* plaintiff lacked Article III standing as an ADA tester. *Id* at 883. It affirmed the finding by the District of Colorado that the plaintiff had not adequately alleged her "intent" to actually visit Colorado or use the website to book an accessible room at the defendant's hotel. *Id.* Overall, the *Laufer* plaintiff could not establish that she suffered a concrete injury based solely on accessing the allegedly noncompliant website. *Id.* at 877, 878–83 (distinguishing plaintiffs like Ms. Laufer and Ms. Mackin from other lines of tester cases alleging sufficiently concrete injuries); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 ("Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal

infractions.") (quotations and citation omitted). Because the circumstances in *Laufer* and the instant case are virtually the same, the Court is bound by the Tenth Circuit's precedent in *Laufer v. Looper*.

In fact, the instant lawsuits are more worthy of dismissal. Central to the logic behind *Laufer* was the plaintiff's inability to adequately plead an "intent" to book a hotel room and travel to Colorado in the first place. This lack of intent was apparent notwithstanding the fact that the *Laufer* plaintiff's niece lived in Colorado, that she had visited Colorado about once a year before the lawsuit, and that she planned on traveling to Colorado as soon as it was safe to travel again, given the ongoing COVID-19 pandemic. *Laufer*, 22 F.4th at 875. Here, on the other hand, Plaintiff has offered nothing more than a mere statement of intent:

> Since prior to the filing of the instant lawsuit, Plaintiff has no plans to travel to and throughout [New Mexico] in September, 2022. She will need to stay in area hotels and the failure of this and other hotels deprive her of the information she needs to make a meaningful choice in determining in which hotel she can stay.

Doc. 5 (amended complaint) at 6. There are no allegations that Plaintiff has friends or relatives in New Mexico, or that she has ever previously set foot in the State of New Mexico. She hasn't offered a plane ticket, a booking confirmation—not a scintilla of evidence suggesting her intent to travel to New Mexico. Comparing a mere statement of intent with the facts alleged in *Laufer*, it becomes clear that the *Laufer* plaintiff's intent to visit Colorado is more concrete than Plaintiff's intent to visit New Mexico. Harnessing Plaintiff's logic, one could envision a fleeting intent to visit any state, search the Internet for places of lodging in said state, and file suit against *every* entity potentially noncompliant with the ADA. As *Laufer* seems to suggest, this surely circumvents the Article III Standing requirement of the Constitution. Simply stated, Plaintiff has not adequately pleaded an intent to travel to New Mexico or use the cited websites to book a room at Defendants' places of lodging.

Additionally, Plaintiff argues that she alleges a particular theory of liability in the Complaint that *Laufer v. Looper* expressly declined to address. Specifically, Plaintiff claims that Defendants' noncompliance with the ADA infringed her right to travel free of discrimination and deprived her of the information required to make meaningful travel choices. Furthermore, she claims to have suffered frustration and humiliation, an increased sense of isolation, and a deprivation of her right to equal opportunity. Moreover, the relevant footnote in *Laufer* reads: "Ms. Laufer's brief does not present the 'stigmatic' or 'dignitary' harm theory of standing that the district court rejected below. We therefore decline to address that theory of injury." *Laufer*, 22 F.4th at 883 n.9 (citation omitted). Just as the Colorado District Court did in *Laufer v. Looper*, however, the Court here also finds that Plaintiff has not adequately pleaded a theory of stigmatic or dignitary harm. As a corollary to Plaintiff's inability to establish a sufficiently concrete intent to travel to New Mexico, any stigmatic or dignitary harm resulting from accessing Defendants' noncompliant websites is likewise too attenuated for standing purposes. *Contra Sierra v. City of Hallandale Beach, Florida*, 996 F.3d 1110, 1114 (11th Cir. 2021) (finding that a deaf plaintiff established a stigmatic injury when the city in which he resided published videos on their website that he accessed but could not understand).

For these reasons, the Court finds that Plaintiff has not adequately alleged a concrete injury, and thus does not have standing to assert her remaining claims. *See Laufer v. Red Door 88, LLC*, No. 20-cv-2434, 2022 WL 474698 (Feb. 16, 2022) (applying *Laufer v. Looper* in similar circumstances and finding that Ms. Laufer lacked standing to sue).

**THEREFORE, IT IS ORDERED** that Plaintiff's remaining lawsuits are hereby **DISMISSED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE